# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| VICKI LYNN BOSSI, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:18-CV-03204-DGK-SSA |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER REMANDING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Vicki Lynn Bossi's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disk disease, fibromyalgia, obesity, and degen joint disease in both knees, but she retained the residual functional capacity ("RFC") to perform past work as an administrative assistant.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is not supported by substantial evidence on the record as a whole. The Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application on August 3, 2015, alleging a disability onset date of February 7, 2015, which she later amended to February 7, 2014. The Commissioner denied the application

at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on October 16, 2017, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 30, 2018, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g). Through Step Four of the analysis the claimant bears the

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred at Step Four in finding she could perform sedentary work because sedentary work entails being able to sit for six hours in an eight-hour workday. Social Security Ruling (SSR) 96-9P, 1996 WL 374185, at *3 (noting sedentary work generally requires sitting a total of six hours in an eight-hour workday). More specifically, she contends the ALJ erred by not giving more weight to the opinion of her treating physician, Dr. Randall Halley, D.O., and the examining physician, Dr. John Woodward, M.D., who opined that Plaintiff could sit for only one hour a day and two hours a day, respectively.

The ALJ gave "little weight" to Dr. Halley's opinions because they appeared to be based heavily upon Plaintiff's self-reported symptoms, as opposed to objective medical evidence, and because they were inconsistent with his own treatment notes. R. at 21. This portion of the ALJ's decision is supported by the record and the law. *See Cline v. Colvin*, 771 F.3d 1098, 1104 (8th Cir. 2014) (holding the ALJ may give less weigh to a treating physician's opinion that is based largely on the claimant's subjective complaints rather than objective medical evidence); *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009) (affirming the ALJ's decision to discount a treating doctor's opinion because it was inconsistent with his treatment notes).

The ALJ's decision to give limited weight to the examining physician's opinion that Plaintiff could only sit for two hours a day, however, is problematic. The ALJ concluded Plaintiff "has the ability to sit for longer than two hours in an eight-hour workday" based upon Dr. Woodward's examination findings that she had "an ability to sit comfortably," lacked muscle

---

burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

spasms at the lumbar musculature, and had intact coordination and reflexes with no tremor. R. at 20-21. But Dr. Woodward did not write that Plaintiff could sit "comfortably." R. at 368-76.

This appears to be a potentially significant error: while it is Plaintiff's burden to establish her RFC, *Materson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004), this burden would be satisfied if the ALJ had not discounted that portion of Dr. Woodward's report opining Plaintiff could sit for only two hours a day. It is unclear to the Court how Plaintiff's lack of muscle spasms and intact coordination and reflexes without tremor justifies discounting Dr. Woodward's opinion. And another medical professional, examining psychologist, Dr. David Lutz, Ph.D., noted during his examination that Plaintiff appeared to be in "considerable physical discomfort." R. at 381. There is also no affirmative evidence in the record suggesting Plaintiff can sit for six-hours in an eight-hour day, nor did the ALJ explain why she believed that Plaintiff could sit for that long.

In sum, this is not a situation where the record on the whole shows the claimant could perform sedentary work, and the ALJ simply made a typographical error when she wrote that Plaintiff could sit "comfortably." The ALJ's remark could reflect a potentially outcome determinative mistake.

Given the existing record and the ALJ's opinion, the Court cannot say the Commissioner's decision is supported by substantial evidence. Accordingly, the Court orders that this case be remanded for additional proceedings consistent with this opinion. The Court emphasizes that this is not a reversal, it is only remanding this case for additional proceedings, whatever the Commissioner determines they should be.

## Conclusion

For the reasons discussed above, the Court REMANDS this case to the Commissioner for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

Date:   July 3, 2019                                        /s/ Greg Kays
                                                            GREG KAYS, JUDGE
                                                            UNITED STATES DISTRICT COURT

4